Case 2:20-mc-00185 Document 3 Filed on 03/03/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISC. ACTION NO. 2:20-MC-185 |
| | § | |
| PAROLE BOARD, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND TO DISMISS THIS ACTION**

Plaintiff Townsel Myers has filed this civil action and is appearing *pro se*. Pending is Plaintiff's application to proceed *in forma pauperis* (IFP). (D.E. 1). For the reasons discussed herein, the undersigned respectfully recommends that this action be dismissed pursuant to the *sua sponte* screening provisions in 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff's IFP application, therefore, be denied.

Plaintiff is a serial filer of frivolous cases in this Court. As a prisoner, Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Myers v. Texas Dep't of Criminal Justice*, No. 4:17-cv-284 (S.D. Tex. Jan. 31, 2017) (dismissed as frivolous and for failure to state a claim); *Myers v. Does*, No. 4:14-cv-966 (S.D. Tex. May 19, 2014) (dismissed as frivolous); *Myers v. UTMB-MHC*, No. 2:04-cv-61 (S.D. Tex. Mar. 19, 2004) (dismissed for failure to state a claim based on the failure to exhaust administrative remedies).

Pursuant to the three strikes rule in 28 U.S.C. § 1915(g), Plaintiff was barred from filing civil actions while in custody as a prisoner absent a showing he was in imminent danger of serious physical injury. Plaintiff, however, persisted in filing several prisoner civil rights actions that were barred by this Court pursuant to the three strikes rule. *See Myers v. Parole Board/Unknown*, No. 2:19-cv-273 (S.D. Tex. Nov. 21, 2019); *Myers v. Nueces County Jail*, No. 2:19-cv-339 (S.D. Tex. Dec. 13, 2019); *Myers v. Nueces County Jail*, No. 2:19-cv-384 (S.D. Tex. Dec. 20, 2019); and *Myers v. UTMB*, No. 2:19-cv-385 (S.D. Tex. Dec. 20, 2019).

Plaintiff filed this action after he was released from custody.[1] His complaint is attached to his IFP application. (D.E. 1-1). An *in forma pauperis* proceeding filed by a non-prisoner may be dismissed *sua sponte* under § 1915(e)(2)(B) if "the action or appeal (i) is frivolous; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A dismissal for frivolousness may occur at any time. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *Pro se* status does not, however, offer a plaintiff

---

[1] Plaintiff has filed four additional cases with this Court since his release from custody. *See Myers v. Nueces County Jail*, No. 2:19-cv-404 (S.D. Tex. filed on Dec. 23, 2019); *Myers v. East Texas Treatment Facility*, No. 2:19-cv-405 (S.D. Tex. filed on Dec. 23, 2019); *Myers v. CCPD*, No. 2:20-cv-20 (S.D. Tex. filed on Jan. 17, 2020); and *Myers v. CCPD*, No. 2:20-mc-186 (S.D. Tex. filed on Jan. 21, 2020). The assigned Magistrate Judge has recommended that each of these cases be dismissed as frivolous or for failure to state a claim for relief.

"an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In his attached complaint, Plaintiff names his probation officer, Imelda R. Tovar, and a unknown "Spanish male supervisor" as defendants. (D.E. 1-1, p. 3). He alleges that, on January 6, 2020, Defendants denied him his right to work detailing cars because he was confined to a wheelchair. He seeks monetary and injunctive relief.

As with many of Plaintiff's civil rights cases filed in this Court, his allegations raised in this complaint are patently frivolous and fail to state a claim for relief. Accepted as true, Plaintiff's allegations are conclusory and fail to state any kind of actionable federal claim against Defendants. Plaintiff's complaint, therefore, is subject to summary dismissal. Accordingly, the undersigned respectfully recommends that Plaintiff's case be **DISMISSED with prejudice** and that his IFP application (D.E. 1) be **DENIED**.

Respectfully submitted this 3rd day of March 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).